**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| Paula Foels, | : |
|  | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
|  | : |
| NCO Financial Systems, Inc.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
|  | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Paula Foels, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Paula Foels ("Plaintiff"), is an adult individual residing in Laurel, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, NCO Financial Systems, Inc. ("NCO"), is a  business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  NCO Engages in Harassment and Abusive Tactics

12.      NCO called the Plaintiff four (4) times per day in an attempt to collect the Debt with the intent to harass.

13.      NCO was rude and abusive when speaking to the Plaintiff.

2

14.     As the Plaintiff had a prepaid phone, she was charged every time NCO called.

15.     NCO told the Plaintiff that she had already agreed to a payment plan when in fact the Plaintiff had not.

16.     The Plaintiff told NCO that she was represented by an attorney and requested NCO to direct all their calls to her attorney. NCO continued to call the Plaintiff.

17.     NCO is adding interest and fees to the Debt in violation of the Debt agreement.

18.     NCO failed to notify the Plaintiff of her rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

### C.  Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants

contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

34.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

40.     The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

41.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

45.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeat phone calls, where Defendants spoke to the Plaintiff in a rude and abusive manner, and continuing to call even after learning that the Plaintiff was being charged for each call and was represented by an attorney.

46.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

47.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8.  Punitive damages; and

9.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 12, 2010

Respectfully submitted,

By_/s/ Forrest E. Mays_____

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor

Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF